## Halper v. Foxman et al.

*A. Allan Goodman,* for plaintiff; *Abraham L. Hodes,* for defendant.
*D. W. Wiesenbaum,* for garnishee.

ALESSANDRONI, J., December 15, 1933.—Judgment was entered against the two defendants on a judgment note, and subsequently Jennie Foxman died. A death benefit became due from Boslover Beneficial Association, and an attachment sur judgment issued out of this court. The petition in support of the rule to quash the attachment sets forth that Boslover Beneficial Association is a fraternal benefit organization and that by virtue of the provisions of section 11 of the Act of May 20, 1921, P. L. 916, the death benefit in question is exempt from attachment. The answer filed to the petition sets forth that the garnishee has a religious qualification for membership and by virtue of the provisions of section 27 of the Act of May 20, 1921, P. L. 916, is not exempt from attachment.

It is admitted that the garnishee is a fraternal benefit society. Therefore, the sole question before us is whether the facts contained in the answer to the petition are within the exception found in section 27 of the Act of May 20, 1921, P. L. 916. That section provides: "Nothing contained in this act shall be construed to affect or apply to . . . domestic societies which limit their membership to a particular religion. . . ." We are of the opinion that the facts set forth in the answer to the petition do not come within the purview of this section of the act. The answer first avers that the garnishee has a religious qualification for membership. It is obvious that having a religious qualification for membership does not mean that the membership is restricted to a particular religion. A religious qualification for membership might mean a belief in God, a belief in religion, or any one of a number of different things. It certainly does not mean the membership is restricted to a particular religion.

The plaintiff also avers that the constitution and bylaws of the garnishee provide that all business of the association shall be transacted in the Yiddish or jargon language, although any member unable to speak Yiddish may use the English language, and restricts membership as follows: "Every male Israelite who has attained his eighteenth and had not passed his thirty-eighth year and is physically sound and of good moral character can become a member of this association." It cannot honestly be contended that the prescribing of a particular language as the official language of an association is a restriction of membership to a particular religion. Plaintiff, however, seriously urges that the restriction of membership to Israelites is a restriction to a particular religion. We cannot so find. The word Israelite is used to designate a racial rather than a religious denomination. Webster's International Dictionary defines Israelite as follows: "A champion of God; a descendant of Israel or Jacob; a Hebrew; a Jew; one

of God's chosen people; a real Christian, the Jewish world or people." Various other definitions are given by other dictionaries to the same effect, and it is obvious that it is used in a racial rather than a religious sense.

It therefore appearing that this attachment was made against a fraternal benefit association for a death benefit which is specifically exempt from attachment by virtue of the terms of section 11 of the Act of May 20, 1921, P. L. 916, the rule to quash the attachment sur judgment should be made absolute.

And now, to wit, December 15, 1933, the rule to quash the attachment sur judgment is made absolute.